LESSLER v. BERNSTEIN.

(Supreme Court, Appellate Term. May 17, 1910.)

EVIDENCE (§ 155*)—ADMISSIBILITY BY REASON OF SIMILAR EVIDENCE BY ADVERSARY.

In an action for goods sold, where plaintiff testified that defendant had always represented himself to be a certain other person, under whose name the goods were sold to him, it was error to admit evidence that defendant had never represented himself to the witnesses as such person, though a witness for plaintiff had testified that defendant had represented himself to him as such person, since, assuming that such testimony for plaintiff was irrelevant, it would have justified only evidence on defendant's behalf that defendant had not represented himself as such person to plaintiff's witness.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 445–458; Dec. Dig. § 155.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Morris Lessler against William Bernstein. From a Municipal Court judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

See, also, 65 Misc. Rep. 58, 119 N. Y. Supp. 197.

Argued before SEABURY, GUY, and BIJUR, JJ.

Samuel S. Breslin, for appellant.

Horace London, for respondent.

BIJUR, J. Plaintiff sued defendant for goods sold and delivered. He testified that defendant had always represented himself to be Samuel Bernstein, and that the goods were sold to him under that name. Defendant, on the other hand, contended that he was merely the agent or attorney in fact of Samuel Bernstein, and was, therefore, not personally liable.

Defendant, over plaintiff's repeated objection, produced a number of witnesses, who were allowed to testify that defendant had never represented himself to them as Samuel Bernstein. The admission of this testimony was manifest error, and prejudicial to the plaintiff. Defendant seeks to justify its introduction by calling attention to the fact that plaintiff proved, by one of his own witnesses, that defendant had represented himself to him as Samuel Bernstein. That testimony, however, was perfectly proper in corroboration of plaintiff's story. Even assuming, however, that it was irrelevant, it would, under the familiar rule, have justified only similar evidence on behalf of defendant in *disproof of this testimony,* to the effect, namely, that defendant had *not* represented himself as Samuel Bernstein *to that witness.* It could not, under any circumstances, warrant the introduction by defendant of a mass of wholly irrelevant evidence of no probative force on the issues involved, but clearly designed, and evidently effective, to prejudice the minds of the jury against plaintiff's case.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.